# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY BALDWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0224-CVE-TLW |
| | ) | |
| DISTRICT ATTORNEY TULSA COUNTY; | ) | |
| STEPHEN SULLIN, Oklahoma Bar Ass'n; | ) | |
| GREGG LEE GRAVES, Public Defender; | ) | |
| OSAGE COUNTY COURT; | ) | |
| OKLAHOMA DEP'T OF CORRECTIONS; | ) | |
| DICK CONNER CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On April 28, 2015, Plaintiff, appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). On the face of his complaint, Plaintiff states that he presently resides at David L. Moss Criminal Justice Center, Tulsa, Oklahoma.[1] See Dkt. # 1. As discussed below, Plaintiff's motion to proceed in forma pauperis shall be granted and the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### A. Motion to proceed in forma pauperis

Upon review of Plaintiff's motion to proceed in forma pauperis, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay the full filing fee required to commence this action. Accordingly, Plaintiff is entitled to proceed without prepayment of the filing fee and his motion to proceed in forma pauperis shall be granted.

---

[1]Plaintiff also sent a letter to the Clerk of Court stating that his address has changed to 527 E. 53rd St. N., Tulsa Oklahoma.

**B. Complaint shall be dismissed**

    **1.     Screening/Dismissal standards**

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. <u>Id.</u> at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. <u>Id.</u> at 558. <u>Twombly</u> articulated the pleading standard for all civil actions. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. <u>Kay v. Bemis</u>, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

       A pro se plaintiff's complaint must be broadly construed under this standard. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden

of alleging sufficient facts on which a recognized legal claim could be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." <u>Id.</u> A reviewing court need not accept "mere conclusions characterizing pleaded facts." <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990); <u>see</u> <u>also</u> <u>Twombly</u>, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**2. Complaint fails to state a claim upon which relief may be granted**

Plaintiff's complaint, composed of both a complaint prepared on the court-approved form and a separate handwritten complaint, is not a model of clarity. In the complaint prepared on the court-approved form, Plaintiff names three (3) defendants: Tulsa County District Attorney; Stephen Sullin, Oklahoma Bar Association; and Gregg Lee Graves, Public Defender. <u>See</u> Dkt. # 1 at 1. In the Jurisdiction and Nature of Case sections of the complaint, Plaintiff mentions the Fifth Amendment and OUJI-CR 6-39 (Oklahoma's Uniform Jury Instruction for Possessing a Firearm After a Felony Conviction), and uses the following words to describe his complaint:

> My Fifth Amendment that is a possession OUJI-CR 6-39 passenger reside of a vehicle which operates knowingly and willfully was not a possessioning [sic] conviction of any elements First knowingly and willfully Second under immediate control or Third and gun by reside a un-law-ful case.

(Id. at 2).  In the spaces designated for identifying causes of action, Plaintiff describes his efforts to communicate with Defendants Stephen Sullin, identified as "General Counsel, Oklahoma Bar Association," and Gregg Lee Graves, his court-appointed Public Defender.  Id.  Specifically, he complains that he has written to Stephen Sullin, General Counsel, Oklahoma Bar Association, but no action has been taken, and that his public defender, Gregg Lee Graves, failed to file an application for post conviction relief.  Id. at 2-3.  It appears that Plaintiff challenges a state conviction and requests that this Court "have the case off my record" and grant relief from "court cost[s], fines, fees, litigation expenses."  Id. at 2.

Plaintiff also enclosed a hand-written complaint lodging similarly vague claims against three (3) additional defendants: Osage County Court, the Oklahoma Department of Corrections, and Dick Conner Correctional Center.  Id. at 5-6.  In that complaint, Plaintiff appears to challenge an allegedly unlawful conviction entered in Osage County District Court.  Id.  Specifically, he complains of a ruling entered against him by the Oklahoma Court of Criminal Appeals (OCCA) and alleges that his court-appointed defense counsel failed to move for dismissal of the charges and to advise him of his appellate rights and procedures.  Id. at 5.  He requests that his Osage County conviction be voided, vacated, and expunged.[2]  Id. at 6.

For the reasons discussed below, the complaint shall be dismissed for failure to state a claim upon which relief may be granted.

---

[2]The Court notes that, in extreme circumstances, an arrest record may be expunged after dismissal of the charges or acquittal.  See United States v. Friesen, 853 F.2d 816, 817 (10th Cir. 1988).  In addition, it is permissible to request expungement as part of a civil rights claim.  United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975).  However, "there is a large difference between expunging the arrest record of a presumably innocent person, and expunging the conviction of a person adjudged as guilty in a court of law."  United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993).  In this § 1983 action, Plaintiff improperly seeks expungement of convictions.

### a. Requests for relief from convictions are precluded in this § 1983 action

Plaintiff seeks relief from allegedly wrongful convictions. See Dkt. # 1 at 2, 5. Those § 1983 claims shall be dismissed without prejudice. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that damages may not be recovered in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," id. at 486, unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ( "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Because success in Plaintiff's § 1983 action "would implicitly question the validity of [his] conviction," and because Plaintiff has failed to allege that he has "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence," Plaintiff's § 1983 complaint is dismissed without prejudice. Muhammad v. Close, 540 U.S. 749, 751 (2004).

To the extent that Plaintiff seeks relief from his convictions and the sentences imposed, including payment of fines and costs, Plaintiff's claims sound in habeas corpus as a challenge to his convictions and sentences rather in a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, any such claim brought as part of a § 1983 complaint is dismissed without prejudice to refiling in

a separate habeas action, if appropriate.[3]  See Preiser v. Rodriguez, 411 U.S. 475, 476-77, 500 (1973) (holding that habeas corpus, rather than 42 U.S.C. § 1983, was the sole remedy in a prisoner's action for an injunction to compel restoration of credit); Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A prisoner may use  § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" (quoting Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993) (citation omitted))).

### b.  Public defender is not a state actor

Plaintiff identifies Defendant Graves as his attorney who is employed by the Public Defender's Office.  See Dkt. # 1 at 1.  To the extent Mr. Graves is sued in his capacity as Plaintiff's criminal defense counsel, Plaintiff is advised that the claim fails to state a claim upon which relief may be granted.  Section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

---

[3]A habeas corpus petition under 28 U.S.C. § 2254 may be brought only if Plaintiff is in custody pursuant to the challenged conviction.  See 28 U.S.C. § 2254(a).

> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983).

Therefore, any action taken by Defendant Graves in his capacity as Plaintiff's defense counsel is not state action for purposes of 42 U.S.C. § 1983. As a result, Plaintiff's claim against Defendant Graves is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Claims lack a well-pleaded basis in fact

Plaintiff's complaint lacks a well-pleaded basis in fact and, for that reason, fails to state a claim upon which relief may be granted. Although the Court is required to "accept all the well-pleaded allegations of the complaint as true," Twombly, 550 U.S. at 555, Plaintiff's allegations in this case are simply too vague and conclusory to state a claim. First, Plaintiff fails to identify any injury he sustained as a result of defendants' conduct, other than the fact of his convictions. Second, he fails to explain how the named defendants violated his constitutional rights. As stated above, the

Court will not supply additional factual allegations to round out Plaintiff's complaint or construct a legal theory on his behalf.

For those reasons, Plaintiff's complaint lacks a well-pleaded basis in fact and fails to state a claim upon which relief may be granted. As a result, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**.

2. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. This is a final order terminating this action.

**DATED** this 1st day of May, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE